h CALOGERO, Chief Justice,
granting writ.
I would grant the writ application to reverse the defendant’s conviction and sentence and remand this case to the district court for a new trial.
Contrary to the trial court’s finding, I believe that a meaningful retrospective competency hearing cannot be held in the *449 instant case, wherein no psychiatrists examined the defendant before the trial with regard to his competency to proceed, despite the appointment of a sanity commission. Because contemporaneous records do not exist, the trial court’s proposed efforts — to reconstruct the record based solely on the possibility that defendant’s prior trial counsel and a defense expert might offer some insight into defendant’s mental state at trial — fall short of establishing that a nunc pro tunc determination of defendant’s competency is possible. Cf. State v. Snyder, 98-1078, p. 31 (La.4/14/99), 750 So.2d 832, 855 (“A 'meaningful’ determination is possible 'where the state of the record, together with such additional evidence as may be relevant and available, permits an accurate assessment of the defendant’s condition at the time of the original ... proceedings.’ ”).
Moreover, the instant case presents a situation which by the terms of State v. Nomey, 613 So.2d 157 (La.1993), requires reversal without the possibility of any 19nunc pro tunc hearing: the defendant raised the issue of competence before trial, the judge agreed with the need for a determination, and no determination was made. Under similar circumstances, this court in Nomey deemed outright reversal of the defendant’s conviction and sentence appropriate to effectuate Louisiana’s “ ‘anticipatory, protective procedures’ ” designed to minimize the risk that an incompetent person will be convicted in violation of the Due Process Clause. Nomey, 613 So.2d at 161 (quoting Medina v. California, 505 U.S. 437, 458, 112 S.Ct. 2572, 2584, 129 L.Ed.2d 353 (1992)(Blackmun, J., dissenting)). Nomey therefore generally reserves nunc pro tunc competency heqr-ings to cases in which “a meaningful inquiry into defendant’s competence can still be had” and in which “the trial judge ignores a bona fide doubt as to defendant’s competence to stand trial, or the issue of competence is not raised at trial.” Nomey, 613 So.2d at 161, n. 8. This court’s decision in Snyder, in which it remanded the case for determination of whether a nunc pro tunc determination of competency was possible, and in which that determination was ultimately made, did not depart from the No-mey rule because “it [was] the trial court’s absolute failure to investigate these [renewed] claims [of incapacity], which were substantiated by objective medical evidence, that cause[d] us to determine he abused his discretion in failing to investigate defense claims of incompetence.” See State v. Snyder, 98-1078, p. 26 (La.4/14/04), 874 So.2d 739, 743.
Furthermore, in State ex rel. Seals v. State, 00-2738, pp. 8-9 (La.10/25/02), 831 So.2d 828, 834-835, this court reversed the defendant’s conviction and sentence because the trial court failed to resolve the question of the defendant’s competence after ordering a mental examination and because the evidence on the record was too scant to make a meaningful nunc pro tunc determination of mental competency. Similarly, because the trial judge in the present case appointed a sanity commission, |3and thereby found that reasonable grounds existed to doubt the defendant’s competency to proceed, La.Code Crim. Proc. art. 643, but then failed to resolve the question before trial, Nomey requires reversal of the defendant’s convictions and sentences.